UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEWIS STALLWORTH,<br><br>     Plaintiff,<br><br>v.<br><br>CENTRAL DETROIT WAREHOUSE, et al.,<br><br>     Defendants. | Case No. 25-cv-12076<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Lewis Stallworth commenced this Title VII discrimination and retaliation action against his former employer Central Detroit Warehouse and some of the company's employees. Before the Court is Stallworth's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Stallworth alleges that he was terminated from employment in retaliation for protesting Central Detroit's initiative to convert its defined benefit retirement plan to a defined contribution plan, *i.e.*, a 401K plan. (ECF No. 1, PageID.6-7, 9).

To establish a prima facie Title VII discrimination case, Stallworth must show that (1) he is a member of a protected class, (2) he was qualified for the job and performed it satisfactorily, (3) despite his qualifications and performance, he suffered an adverse employment action, and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated person

outside of his protected class. *Wheat v. Fifth Third Bank*, 785 F.3d 230, 237 (6th Cir. 2015).

To demonstrate a prima facie claim of Title VII retaliation, Stallworth must show that (1) he engaged in a protected activity, (2) his exercise of such protected activity was known by Defendants, (3) thereafter, Defendants took an action that was materially adverse to him, and (4) a causal connection existed between the protected activity and the materially adverse action. *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 468-69 (6th Cir. 2012).

A "protected activity" occurs when an employee (1) "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VII]," or (2) has "opposed any practice made unlawful under Title VII." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 373 (6th Cir. 2013) (quotation omitted); *see also* 42 U.S.C. § 2000e-3(a). "A plaintiff alleging a retaliatory discharge must demonstrate that the decision-maker had knowledge of the protected activity." *Brown*, 545 F. App'x at 374; *see also Mulhall v. Ashcroft*, 287 F.3d 543, 551-52 (6th Cir. 2002).

Stallworth's claims falter on several grounds. His Title VII discrimination claim lacks merit because (1) he does not allege membership in a protected class on account of his race, color, gender, religion, or national origin, and relatedly (2) he does not contend that, after his termination, Central Detroit replaced him with a

3

person outside the protected class or that Central Detroit treated him less favorably than a similarly situated person outside of his protected class. *See Wheat*, 785 F.3d at 237.

As for the Title VII retaliation claim, Stallworth arguably engaged in a protected activity when he filed an EEOC charge against Central Detroit on February 24, 2025. (ECF No. 1, PageID.7). But he filed that charge after the alleged retaliation already occurred in January and early February 2025. (*Id.*, PageID.6, 9). And Stallworth himself attributes Central Detroit's retaliatory conduct – *i.e.*, his termination – to his pension-related grievances, none of which constitute a "protected activity" under Title VII. (*Id.*, PageID.9) ("I was retaliated for writing grievance [*sic*] in regards to improper work practice involving pension procedure(s)."). *See Batuyong v. Gates*, 337 F. App'x 451, 456 (6th Cir. 2009) (holding that the plaintiff did not engage in a "protected activity" because she "presented no evidence that any of her grievances, . . . were related to race discrimination."); *cf. Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645 (6th Cir. 2015) (explaining that general grievances, without allegations of discrimination, are not protected activities under Title VII). Accordingly,

4

IT IS ORDERED that Stallworth's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Stallworth may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 15, 2025                                  s/ Robert J. White
                                                                  Robert J. White
                                                                  United States District Judge